Western Dist.
October, 1840.

HOOVER TUTOR
&c.
vs.
GLASSCOCK.

---

### HOOVER, TUTOR, &C. vs. GLASSCOCK.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CONCORDIA, JUDGE DAVIS PRESIDING.

Where the endorser of a note, executed a mortgage, and employed such terms in the act of mortgage as show that he intended absolutely to secure the payment of the debt, *he will be liable*, without any of the necessary steps to fix his responsibility as endorser.

This suit was originally instituted against the makers and endorser of a promissory note secured by mortgage. The mortgage appears to have been executed alone by the endorser, Glasscock. The plaintiff alleges that the note remains unpaid, and he prays judgment with mortgage, and that the mortgaged property be sold to satisfy his judgment.

The defendant, Glasscock, admitted his endorsement, but denied every other allegation in the petition.

WESTERN DIST.
*October*, 1840.

HOOVER, TUTOR
&c.
*vs.*
GLASSCOCK.

The other defendants pleaded a general denial, and averred they had not been served with duly authenticated copies of process, &c.

The mortgage is in the usual form. Glasscock says that he has transferred said note to the plaintiff as tutor, and to secure the punctual payment, he mortgages and hypothecates the property named in the act of mortgage.

There was judgment against Glasscock, the endorser, for the sum claimed, and that the mortgaged property be seized and sold to pay the judgment, and he appealed.

*Ogden* and *Poindexter*, for the plaintiff, urged the affirmance of judgment. The act of mortgage clearly bound the defendant, absolutely, to pay the debt. It takes the *case out* of the mercantile law.

*Stacy*, for defendant and appellant, insisted that the note was in negotiable or mercantile form, payable to the order of and endorsed by the defendant. Has he ever assumed any other capacity or obligation? The execution of the mortgage was a voluntary act on the part of Glasscock. It does not seem to have been exacted by the plaintiff. The allegations of the petition are that defendant is liable, because he endorsed the note, and because he gave a mortgage to secure payment.

2. The mortgage is an accessory to a principal obligation; and at the time of executing it, the obligation of Glasscock, on the note, was simply that of endorser. Did he change that in the act, or contract an *absolute* obligation to pay the note? The language used by him is, "*whereas* certain persons had executed the note payable to his order, and *whereas* he had endorsed said note, &c.," showing that he appeared before the notary, acted and bound himself as *endorser* only, by an accessory obligation: no *principal debt was contracted* in the act, but the execution of his original contract secured. Suppose the mortgage had been passed at the date of the note? See 12 *Louisiana Reports*, 386.

WESTERN DIST.
October, 1840.

HOOVER, TUTOR
&c.
vs.
GLASSCOCK.

3. The rules for the interpretation of agreements, show that Glasscock only bound himself as endorser. *Louisiana Code,* 1947, 1950, 1943, 1944.

4. The plaintiff has interpreted the contract himself, and sought to hold the defendant liable, as endorser. *Idem.,* 1951; 6 *Louisiana Reports,* 745; 9 *Idem.,* 335.

*Morphy, J.,* delivered the opinion of the court.

The petition sets forth that Benjamin F. Glasscock, having made over and transferred to the plaintiff, in his capacity of tutor of certain minors, a note of hand drawn to his order, the said Benjamin F. Glasscock, in order more effectually to secure the full and punctual payment of said note at its maturity, executed a mortgage for its amount on certain slaves, in favor of the plaintiff in his said capacity; that when due the note was presented for payment to the drawers and the said transferor and mortgagor, who refused to pay it. The petition concludes with a prayer for judgment, and for the seizure and sale of the property mortgaged to satisfy the same. The defendant pleaded the general issue. There was judgment for the plaintiff, and the defendant appealed.

It is contended, on the part of the appellant, that his principal obligation resulted from his endorsement on the note in suit; that having been released and discharged therefrom by the *laches* of the plaintiff, who gave him no notice of protest, the mortgage, which was only an accessory, must be without effect; that he contracted no absolute obligation to pay the note, and that the mortgage was intended only to secure his endorsement on it, in case he became liable.

This case must turn upon a proper construction of the deed of mortgage executed by B. F. Glasscock; for it is clear that under the rules of the commercial law he cannot be made liable; the necessary steps, to fix his responsibility as endorser, not having been taken. Upon an attentive examination of this instrument, we have come to the conclusion, that the terms used in it clearly indicate that Glasscock intended, absolutely, to secure the payment of

this debt, and that the mention made of his endorsement was to show the transfer of the note to the plaintiff. The latter, who as tutor of minors was bound by law to invest their funds only on mortgage, probably required of defendant this kind of security. Had the defendant intended to give this mortgage only to secure his conditional obligation as endorser, he ought clearly to have so expressed it. Whatever may have been his intention, the deed must speak for itself, and the words used by the defendant clearly convey the idea that he absolutely undertook to pay the debt, and that the mortgage was given to secure its punctual discharge. *Verba fortius accipiuntur, contra proferentem.*

It is, therefore, ordered, that the judgment under review be affirmed, with costs.

WESTERN DIST. *October*, 1840.

Where the endorser of a note, executed a mortgage and employed such terms in the act of mortgage as show that he intended absolutely to secure the payment of the debt, *he will be liable*, without any of the necessary steps to fix his responsibility as endorser.